## In re WARE.

(Circuit Court, D. Minnesota, Third Division.  June 29, 1892.)

INTERSTATE COMMERCE—LABELING BAKING POWDER.

In the absence of proof that alum in baking powder is deleterious to health, Gen. Laws Minn. 1889, c. 7, § 1, as amended by Gen Laws Minn. 1891, c. 119, declaring it a misdemeanor to sell baking powder containing alum, unless the package have a label stating that it contains alum, violates Const. U. S. art. 1, § 8, granting to congress the power to regulate interstate commerce, in so far as it relates to original packages imported from another state.

At Law.  Application of R. B. Ware for writ of habeas corpus. Writ granted.

M. D. Munn, for petitioner.

SANBORN, Circuit Judge.  Dellafield, McGovern & Co., who were citizens of Illinois, manufactured in that state, and placed in a package which was not marked with the words, "This Baking Powder Contains Alum," a quantity of baking powder, and shipped the same to the prisoner, in Minnesota, who was their agent for the purpose of selling it.  The prisoner, as such agent at St. Paul, in the state of Minnesota, sold this original package in the same condition in which he received it.  There was no charge that this baking powder was poisonous, or in any way dangerous, or that its use was in any way deleterious to the public health.  For this sale the prisoner was committed to the county jail by the municipal court of the city of St. Paul, because it was a violation of section 1 of chapter 7 of the General Laws of Minnesota for 1889, as amended by chapter 119 of the General Laws of Minnesota for 1891, which declares it to be a misdemeanor to sell baking powder containing alum in Minnesota, unless the package containing it is labeled, "This Baking Powder Contains Alum," and imposes a penalty by fine or imprisonment for such misdemeanor.  Article 1 of section 8 of the constitution of the United States provides that "the congress shall have power to regulate commerce among the several states."  This power to regulate commerce was by this provision of the constitution granted by the people and the states to and vested in the congress exclusively, and no state, by virtue of any power reserved to the states, can lawfully infringe upon this grant.  Any act of a state which interferes with interstate commerce in a well-known and sound article of commerce is unconstitutional and void.  Railroad Co. v. Husen, 95 U. S. 465, 471-473; Bowman v. Railway Co., 125 U. S. 474, 475, 479-481, 484, 485, 488, 489, 497, 507, 508, 8 Sup. Ct. Rep. 689, 1062; Henderson v. Mayor, 92 U. S. 271, 272; Foster v. Commissioners, 7 Minn. 140, (Gil. 84;) Hall v. De Cuir, 95 U. S. 485.  There is no question that a state, in the exercise of the police power reserved to it, may pass sanitary laws, and laws for the protection of life, liberty, or property within its borders, and, for the purpose of self-protection, may pass reasonable quarantine and inspection laws, but it cannot, under the cover of the exercise of its police powers, substantially prohibit or burden interstate commerce.  Thus it may prohibit the importation into the state,

or the sale therein, of putrid, diseased, or dangerous articles of food; but it cannot prohibit or substantially burden commerce among the states in wholesome or healthful articles of commerce. The reason of this rule is that putrid, diseased, and dangerous articles of food do not belong to commerce. They are not commercial articles, and hence the power to regulate them was not granted to the congress; but every article that does belong to commerce—every sound commercial article—is, so far as interstate commerce in it is concerned, subject to regulation by the congress alone. The line which determines whether interstate commerce in an article is subject to regulation by the state or the congress is perhaps nowhere more clearly stated than by Mr. Justice Matthews in Bowman v. Railway Co., 125 U. S., at page 490, 8 Sup. Ct. Rep. 689, 1062, where he says:

"If from its nature it does not belong to commerce, or if its condition, from putrescence or other cause, is such when it is about to enter the state that it no longer belongs to commerce, or, in other words, is not a commercial article, then the state may exclude its introduction, and as an incident to this power it may use means to ascertain the fact. And here is the limit between the sovereign power of the state and the federal power; that is to say, that which does not belong to commerce is within the police power of the state, and that which does belong to commerce is within the jurisdiction of the United States."

Baking powder is a well-known article of commerce among the states. It belongs to commerce. The sale of an article imported from another state is a part of interstate commerce, and may not be prohibited or burdened by the legislature of the states. Brown v. Maryland, 12 Wheat. 419, 447; Bowman v. Railway Co., 125 U. S. 465, 504, 8 Sup. Ct. Rep. 689, 1062. The state law, so far as it requires original packages of baking powder, not deleterious to health, manufactured by citizens of another state in that state, and imported into Minnesota for sale, to be labeled in any particular manner, and so far as it imposes a penalty for the sale of such packages when not so labeled, is an unreasonable and vexatious burden upon commerce among the states, and is to that extent in violation of the commercial clause of the constitution. Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. Rep. 681; Lyng v. Michigan, 135 U. S. 161, 10 Sup. Ct. Rep. 725; State v. Gooch, 44 Fed. Rep. 276.

Let the prisoner be discharged.